FILED IN CHAMBERS
JAN 23 2003

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| HEATHER LYNN CRUTCHFIELD | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION FILE NO. |
| v. | : 1:01-CV-3017-CAM |
| | : |
| KOCH SUPPLIES, INC., a Missouri | : |
| corporation; KOCH SUPPLIES | : |
| HOLDINGS, LLC, a Missouri limited | : |
| liability company; BUNZL USA, INC., | : |
| a Missouri corporation; BUNZL | : |
| DISTRIBUTION USA, INC., a Missouri | : |
| corporation; and BUNZL DISTRIBUTION | : |
| SOUTHEAST, LLC, a Missouri limited | : |
| liability company and a Georgia foreign | : |
| profit company; | : |
| | : |
| Defendants. | : |

## ORDER FOR SERVICE OF
## FINAL REPORT AND RECOMMENDATION

Attached is the Final Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 72(a), and this Court's Local Rule 72.1(B). Let the same be filed and a copy of this order be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Final Report and Recommendation within ten (10) days of receipt of this Order. Should objections be filed, they shall specify with particularity the alleged

error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Final Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied, 464 U.S. 1050, 104 S. Ct. 729 (1984).

The Clerk is directed to submit the Final Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

IT IS SO **ORDERED**, this the 23rd day of January, 2003.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

2

FILED IN CHAMBERS
JAN 23 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HEATHER LYNN CRUTCHFIELD : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION FILE NO. |
| v. : | 1:01-CV-3017-CAM |
| : | |
| KOCH SUPPLIES, INC., a Missouri : | |
| corporation; KOCH SUPPLIES : | |
| HOLDINGS, LLC, a Missouri limited : | |
| liability company; BUNZL USA, INC., : | |
| a Missouri corporation; BUNZL : | |
| DISTRIBUTION USA, INC., a Missouri : | |
| corporation; and BUNZL DISTRIBUTION: | |
| SOUTHEAST, LLC, a Missouri limited : | |
| liability company and a Georgia foreign : | |
| profit company; : | |
| : | |
| Defendants. : | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' motion for summary judgment [Doc. 22]. In this employment discrimination action, Plaintiff Heather Lynn Crutchfield alleges that Defendants Koch Supplies, Inc., Koch Supplies Holdings, LLC, Bunzl USA, Inc., Bunzl Distribution USA, Inc., and Bunzl Distribution Southeast, LLC, whom she identifies as her former employers, discriminated against her based on her pregnancy in violation of the Pregnancy Discrimination Act of 1978 and/or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* For the reasons explained herein, the undersigned Magistrate Judge hereby

**RECOMMENDS** that Defendant's summary judgment motion be **GRANTED**.

## I. Summary judgment standard

Federal Rule of Civil Procedure 56 provides that summary judgment shall be "rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56©). The party moving for summary judgment bears the initial burden of "informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact." *Rice-Lamar v. City of Fort Lauderdale*, 232 F.3d 836, 840 (11th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The non-moving party then "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). If in response the non-moving party does not sufficiently support an essential element of his case as to which he bears the burden of proof, summary judgment is appropriate. *Rice-Lamar*, 232 F.3d at 840 (citing *Celotex*, 477 U.S. at 323). "In determining whether genuine issues of material fact exist, [the Court] resolve[s] all ambiguities and draw[s] all justifiable inferences in favor of the non-moving

2

party." *Rice-Lamar*, 232 F.3d at 840 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

## II. Facts of the case

The facts of the case at the summary judgment stage, construed in the light most favorable to Plaintiff as the non-moving party, are as follows: Plaintiff Heather Lynn Crutchfield was hired as a warehouse worker in a Koch warehouse[1] in Lithia Springs, Georgia, on April 23, 2001. (D ¶ 10).[2] Around that time, a total of three warehouse workers, including Plaintiff, were hired to work in the Lithia Springs warehouse, along with one supervisor, Charlene Searcy. (D ¶ 11). During Plaintiff's employment, there were never more than four Koch Supplies employees at that site. (D ¶ 12). Plaintiff's position, like those of the other two warehouse workers, required her to, among other things, operate a forklift, stand, walk, and lift. She was required as part of her job to lift in excess of 20 pounds on a regular basis. (D ¶ 13).

---

[1] There is a dispute between the parties as to exactly which of the defendant corporations was actually her employer.

[2] Paragraph numbers preceded by "D" refer to paragraphs in "Defendants' Statement of Uncontroverted Material Facts in Support of Motion for Summary Judgment."

3

Under the policies of both the Koch Defendants[3] and the Bunzl Defendants,[4] family and medical leave or short term disability would only be available for qualified employees who had been with the company for longer than one year. (D ¶ 17). As Plaintiff only worked at the warehouse for less than three months, she was not eligible for either family and medical leave or short term disability. (D ¶ 18). Plaintiff also did not receive medical coverage through her employer as she was covered by her husband's plan. (D ¶ 19).

Although there is no written policy, the human resources manager of Koch Supplies, Tamira Husmann, and the human resources manager of Bunzl Distribution Southeast, Scott Burklow, have both testified that their companies provide light- or modified-duty assignments only to employees who suffer on-the-job injuries. (Husmann aff., ¶ 11; Burklow aff., ¶14). Consistent with this stated policy, neither the Koch Defendants nor the Bunzl Defendants have offered or provided light or modified duty or a transfer to a different position to any temporarily disabled employee because of a non-work-related injury or medical

---

[3]

Koch Supplies, Inc., and Koch Supplies Holdings, LLC.

[4]

Bunzl USA, Inc., Bunzl Distribution USA, Inc., and Bunzl Distribution Southeast, LLC.

4

condition. (D ¶ 21).[5] The only employees considered by Defendants to be similarly situated to Plaintiff who were offered or provided light duty assignments have suffered on-the-job injuries. (D ¶ 22).[6] Plaintiff asserts that at various times approximately 28 of Defendants' employees were offered light- or modified-duty assignments. (P's response to D ¶ 20). Defendants contend, however, that all of these employees suffered from on-the-job injuries. (*See* D's responses to interrogatories ## 5, 7, 17). At some point in time, Anisha East, a long-time employee of Bunzl Distribution Southeast, was pregnant and had some associated restriction but was able and was allowed to keep working in the warehouse office during her pregnancy. (D ¶ 58).

On or about July 6, 2001, Plaintiff gave Ms. Searcy a note from her doctor placing her on a work restriction of "no lifting greater than 10-15 pounds" for the duration of her pregnancy – about eight months. (D ¶ 23). As Plaintiff's job

---

[5] Although Plaintiff purports to deny this assertion of fact by Defendants, she has not pointed in her response to any evidence showing that Defendants have in fact offered a transfer or modified or light duty to any employee who suffered a temporary disability due to a non-work-related injury or medical condition. (*See* P's response to D ¶ 21).

[6] Again, Plaintiff purports to deny this factual assertion by Defendants based on the fact that Defendants did not have a written policy to this effect, but she does not point to any evidence to show that anyone was offered a light-duty assignment who had not suffered an on-the-job injury. (*See* P's response to D ¶ 22).

5

regularly required her to lift more than 10-15 pounds, this lifting requirement prevented her from performing her job as a warehouse worker through the end of her pregnancy. (D ¶ 24). Ms. Searcy immediately faxed the note to Ms. Husmann in Kansas City and told Plaintiff that a decision would be made regarding her future employment. Plaintiff knew at that time that she could not remain in her regular warehouse job. (D ¶ 25). Between July 9 and July 13, Plaintiff performed miscellaneous job duties for Koch that met her lifting restriction while a decision was being made. (D ¶ 26).

At that time, Ms. Husmann spoke with Bryon London, who was Ms. Searcy's supervisor, and it was decided that Plaintiff would be permanently replaced because she was physically unable to meet her job requirements as a warehouse worker for the duration of her pregnancy. Ms. Husmann has testified that the decision was based on the facts that Koch did not have any positions available that met Plaintiff's restrictions and that Koch did not provide light duty for employees with non-occupational medical conditions or injuries. The two also discussed the facts that Plaintiff did not have any leave available and that a third warehouse employee would have to be hired to replace Plaintiff due to the volume of work at the Lithia Springs warehouse. (D ¶ 27). On July 13, Plaintiff had a teleconference with Ms. Searcy, Ms. Husmann, and Mr. London. Ms. Husmann told Plaintiff that, for these

reasons, she was to be permanently replaced effective July 27, 2001, and that, if during the next twelve months Plaintiff was able to perform her job duties, she should contact Koch and, if a position were open, she would have it. (D ¶ 28).

Plaintiff acknowledges that the Lithia Springs operation was busy at the time and that it would have been difficult, if not impossible, to get all the necessary work done with only two warehouse workers, that it would not have been practical for Koch to keep her position open for eight months, and that Koch needed to hire a new warehouse worker to replace her. (D ¶ 30). Plaintiff also acknowledges that there were no other available positions with Koch. There were only three other jobs with Koch in Georgia – the two other warehouse jobs, which had the same physical requirements as her job, and the supervisor's position held by Ms. Searcy. (D ¶ 31). Plaintiff contends, however, that there were various other positions available with Bunzl Distribution Southeast that she "might have qualified to work if given the opportunity," such as two accounts payable clerk positions, a computer position, two administrative assistant positions, and a sales manager trainee position. (P's response to D ¶ 29). Other than telling Ms. Searcy that she would like to keep working, however, Plaintiff never requested that her job be modified in any way or that she be transferred to a different job. (D ¶ 41).

In August 2001, a new employee was hired to replace Plaintiff. (D ¶ 32).

7

Plaintiff filed for unemployment benefits and identified Koch Supplies as her employer and stated that she was unable to perform her job for Koch because of her lifting restrictions and that she was discharged because there was no other available work at Koch for her to perform. (D ¶ 34). Since her discharge, Plaintiff has not applied for a position with either the Koch Defendants or the Bunzl Defendants. (D ¶ 35).

### III. Plaintiff's pregnancy discrimination claim

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In 1978, Congress amended Title VII to include among its prohibitions discrimination on the basis of pregnancy, childbirth, or related medical conditions. This amendment, known as the Pregnancy Discrimination Act ("PDA"), provides that pregnant women "shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefits programs, as other persons not so affected but similar in their ability or inability to work. . . ." 42 U.S.C. § 2000e(k); *Spivey v. Beverly Enters., Inc.*, 196 F.3d 1309, 1312 (11th Cir. 1999). "The analysis required for a pregnancy discrimination claim is the same type of analysis used in Title VII sex

8

discrimination suits." *Armindo v. Padlocker, Inc.*, 209 F.3d 1319, 1321 (11th Cir. 2000).

A plaintiff asserting a disparate treatment discrimination claim under Title VII can support her claim either by direct or circumstantial evidence. Because here Plaintiff is relying on circumstantial evidence, the Court must utilize the burden-shifting framework articulated by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981); and *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993). Under this framework, a plaintiff asserting a claim of pregnancy discrimination must first establish a *prima facie* case of discrimination by showing (1) that she is a member of a protected class; (2) that she was qualified for the employment position in question; (3) that she suffered an adverse employment action; and (4) that she "suffered from differential application of work or disciplinary rules." *Armstrong v. Flowers Hosp., Inc.*, 33 F.3d 1308, 1314 (11th Cir. 1994). Unlike in most Title VII cases, a plaintiff in a pregnancy discrimination case does not necessarily need to point to similarly situated employees outside her protected class who were treated more favorably than she was. *See Byrd v. Lakeshore Hosp.*, 30 F.3d 1380, 1383 (11th Cir. 1994).

If the plaintiff establishes this *prima facie* case, an inference of discrimination is raised, and a burden of production then shifts to the defendant to rebut the inference of discrimination by articulating a legitimate, non-discriminatory reason

9

for its action. This burden is "exceedingly light." *Holifield v. Reno*, 115 F.3d 1555, 1564 (11th Cir. 1997). If the defendant meets this light burden, then the inference of discrimination is erased, and the burden then shifts back again to the plaintiff "to demonstrate that the defendant's articulated reason for the adverse employment action is a mere pretext for discrimination." *Id.* at 1565. Despite this burden-shifting framework, the "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Burdine*, 450 U.S. at 253.

Here, Plaintiff alleges that Defendants violated the PDA when they permanently replaced her in the warehouse worker position because she became pregnant and was no longer able to lift more than 15 pounds. The facts of this case are almost identical to those faced by the Eleventh Circuit Court of Appeals in *Spivey, supra*. There, the plaintiff was a nurse's assistant whose primary job requirements included lifting and repositioning patients, at least one of whom weighed 250 pounds. When she became pregnant, her doctor directed her not to lift more than 25 pounds, and her employer refused to provide her with a modified duty assignment because its policy only allowed such assignments for employees who suffered work-related injuries.

Although it was undisputed by the parties that the plaintiff was no longer

10

qualified to perform her nurse's assistant duties, she argued that she should have been given a modified-duty assignment as were non-pregnant employees who were injured on the job. The Eleventh Circuit held, however, that the employer "was under no obligation to extend this accommodation [of modified or light duty] to pregnant employees. The PDA does not require that employers give preferential treatment to pregnant employees. . . . [The employer] was therefore free to provide an accommodation to employees injured on the job without extending this accommodation to pregnant employees." *Spivey*, 196 F.3d at 1312-13.

The Court also held that the plaintiff had "failed to establish that she suffered from a differential application of work rules . . . In *Byrd* [*supra*], this Court held that an employer violates the PDA when it denies a pregnant employee a benefit generally available to temporarily disabled workers holding similar job positions. . . . In this case, the benefit [the plaintiff] seeks is not generally available to temporarily disabled workers. To the contrary, [the employer] offers modified duty only to a clearly identified sub-group of workers – those workers who are injured on the job." *Id.* at 1313 (citing *Byrd*, 30 F.3d at 1383-84).

The only difference Plaintiff seems to find between her situation and that in *Spivey* is her assertion that the employer in *Spivey* had a written policy whereas Defendants here did not. Nevertheless, Ms. Husmann and Mr. Burklow have

11

testified under oath that Defendants operated under this policy (although it was apparently unwritten), and Plaintiff has not presented any evidence to the contrary. The United States District Court for the Southern District of Georgia faced a similar situation in *Sermons v. Fleetwood Homes of Ga.*, 227 F. Supp. 2d 1368 (S.D. Ga. 2002), and reached the same conclusion as the Eleventh Circuit did in *Spivey* despite the fact that the *Sermons* policy was not written down and distributed.

In accordance with the Eleventh Circuit's holdings in *Spivey* and *Byrd*, therefore, Plaintiff cannot make out a *prima facie* case of pregnancy discrimination because she cannot show that she remained qualified for her warehouse worker position, that she was entitled to an accommodation in regard to her duties, or that she suffered from a differential application of work rules.

To the extent that Plaintiff alleges Defendant should have transferred her to one of the open positions she has identified in her response brief, the same analysis applies. Furthermore, other than stating that she "might have qualified to work if given the opportunity" in these positions, she has not provided any evidence that she actually was qualified for any of them or that she ever told Defendants that she wanted to be considered for them.

Finally, Plaintiff seems to argue that she can establish a *prima facie* case of pregnancy discrimination based on her assertion that at some point in time another

12

pregnant employee, Ms. East, was allowed to continue working, but she has not provided details about that situation. Regardless, any showing that another pregnant employee may have been treated more favorably than she was would not seem to raise an inference that she was discriminated against based on her pregnancy.

Accordingly, the undersigned Magistrate Judge finds that there is no genuine issue of material fact to be tried and, therefore, **RECOMMENDS** that Defendants' motion for summary judgment be **GRANTED**.[7]

The Clerk is **DIRECTED** to withdraw the reference to the undersigned United States Magistrate Judge.

It is so **DIRECTED and RECOMMENDED**, this the 23RD day of January, 2003.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

---

[7] Because Defendants are entitled to summary judgment on the merits of Plaintiff's claim, there is no need to resolve which Defendant was actually Plaintiff's employer.

13